BRADLEY, Judge.
This appeal is from a judgment of the Circuit Court of Montgomery County holding that a state employee could apply to the State Personnel Board for an extension of employment after age seventy after being wrongfully denied that opportunity.
Annie Laurie Carithers was sixty-nine years old and an employee of the State of Alabama Highway Department for seven years. She was due to retire on her seventieth birthday in October of 1981, unless her employment was extended by the State Personnel Board. § 36-27-16(a)(l)(c), Code 1975.
*941 On August 9, 1979 Governor James of Alabama issued an executive order to all department heads and boards stating that a state employee could be continued in state employment past the age of seventy only if the public health of Alabama required it and the extension was approved by the finance director.
On or about August 1, 1981 Mrs. Carith-ers was apprised of the Governor’s order and, as a consequence, she did not apply for an extension of her employment. She retired on August 31, 1981.
In March of 1982 the Supreme Court of Alabama in Hawkins v. James, 411 So.2d 115 (Ala.1982), struck down Governor James’s executive order as an unconstitutional violation of the separation of powers clause of the state constitution.
On July 26, 1982 Mrs. Carithers filed a complaint in the Circuit Court of Montgomery County seeking reinstatement to her employment with back pay from August 31, 1981. She alleged that she was prevented from applying for continuation of employment beyond age seventy by Governor James’s order.
After an ore tenus hearing, the trial court, on November 12, ruled that Mrs. Carithers was wrongfully denied the opportunity to apply for an extension of employment beyond the age of seventy, and could now apply to the State Personnel Board for an extension of her employment. The court further held that the State Personnel Board, in considering plaintiff’s application for extension of employment beyond age seventy, should apply the Board’s criteria for making such determination as of the date she would have been able to apply for an employment extension, i.e. August 1981; and the trial court gave the Personnel Board sixty days within which to consider Mrs. Carithers’s application for continued employment. It also retained jurisdiction of the matter for thirty days after the Personnel Board made its decision on Mrs. Carithers’s application.
In compliance with the trial court’s order, Mrs. Carithers filed an application for extension with the State Personnel Board on December 1, 1982. The Board considered the application at its January 12, 1983 meeting and later informed Mrs. Carithers that her application was denied. Mrs. Car-ithers requested that the circuit court reconsider its November 12, 1982 order. This request was denied. She appeals.
The appellant argues here that she should not have been required to apply to the State Personnel Board for an extension of her employment in view of Governor James’s order and that the Personnel Board’s order was preordained because of the Highway Director’s biased refusal to recommend that she be continued as an employee beyond age seventy.
In support of her contention that she should not have been required to apply to the State Personnel Board for an extension of her employment, Mrs. Carithers says that the effect of Governor James’s order cannot be undone, as the trial court attempted to do in its November 12, 1982 order.
We fail to appreciate the efficacy of this argument for the reason that Hawkins v. James, 411 So.2d 115 (Ala.1982), held only that Governor James’s order was unconstitutional. Nothing else was decided by the supreme court. Moreover, that court implicitly recognized that section 36-27-16(a)(1)(c), Code 1975, must be followed by the employee who wishes to extend his or her employment beyond age seventy when it said that, “the employee still starts the process by making application and the final determination is still made by the personnel board ....”
The trial court, in its November 12, 1982 order, held that Mrs. Carithers could apply for an extension of employment beyond age seventy and that the Personnel Board should apply the Board’s usual criteria for extending such employment. The applicable criteria for extending employment beyond age seventy is (1) employee application, (2) evidence of physical and mental fitness, (3) recommendation of a medical review board, and (4) recommendation of the appointing authority, i.e., department head. § 36-27y-16(a)(l)(c), Code 1975, and *942 Handbook for Employees of the State Personnel Department (8th ed. 1974).
Mrs. Carithers did apply to the Personnel Board for an extension of employment and the Personnel Board, after a hearing participated in by Mrs. Carithers and her attorney, denied her request. Furthermore, we assume that the Board applied the required criteria for making such determinations because no question has been raised suggesting otherwise.
Accordingly, we find that the trial court committed no error in holding that Mrs. Carithers had to apply to the Personnel Board for an extension of employment and be approved by the Board before she could be reemployed by the State Highway Department.
Mrs. Carithers’s next issue is that the refusal of the . State Highway Director and Mrs. Carithers’s immediate supervisor to recommend that her employment be extended beyond age seventy proves that the Personnel Board’s refusal to extend her employment was a result of bias and that its decision was preordained.
Section 36-27-16(a)(l)(c), Code 1975, and the Handbook for Employees require that the employee have the recommendation of his department head before the employee’s employment can be extended beyond age seventy. In the instant case the department head not only would not recommend that Mrs. Carithers be employed beyond age seventy but said why she should not have her employment extended. And, Mrs. Car-ithers introduced evidence showing why she should have her employment extended. The Board then decided that Mrs. Carith-ers’s employment not be extended based on the evidence presented to it. There is no evidence that any member of the Board knew Mrs. Carithers or had personal knowledge of her work record at the State Highway Department.
After a careful examination of the record, we cannot find that bias infected the Personnel Board’s decision not to recommend extension of Mrs. Carithers’s employment.
The judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.